# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| SHAWN P. GANT, <br><br> Plaintiff, <br><br> vs. <br><br> MARTY FISHER, DAVE CARMODY, JAMES DAVIS, FAYETTE COUNTY BOARD OF SUPERVISORS, <br><br> Defendants. | No. C06-2019-LRR <br><br> ORDER |

This matter is before the court on the defendants' motion for summary judgment (docket no. 32). The defendants filed the instant motion on July 30, 2007. Under Local Rule 56.1(b), the plaintiff's resistance and supporting documents were due on August 23, 2007. Because appointed counsel withdrew, the court directed the plaintiff to file his resistance and supporting documents by no later than September 14, 2007. To date, the plaintiff has not resisted the defendants' motion for summary judgment.

Local Rule 56.1 provides:

> If no timely resistance to a motion for summary judgment is filed, the motion may be granted without prior notice from the court. . . .

L.R. 56.1(c). As previously stated, the plaintiff did not file a resistance to the defendants' motion for summary judgment. Furthermore, the plaintiff did not request an extension of the filing deadline or contact the court in any manner. Because he never submitted a proper resistance, the plaintiff did not expressly admit, deny or qualify each of the facts set forth in the defendants' statement of material facts filed in support of the motion for summary judgment. *See* L.R. 56.1(a)(2). The plaintiff's failure to file any response to the defendants' statement of material facts constitutes an admission of each of these facts. *See* L.R. 56.1(b)(4). Given the plaintiff's admission of the facts included in the

defendants' statement of material facts and the plaintiff's failure to come forward with any evidence, the court concludes that the defendants are entitled to summary judgment with respect to the plaintiff's claim on purely procedural grounds. *See* L.R. 56.1(c); Fed. R. Civ. P. 56(e).[1]

Nevertheless, the court may grant the defendants' motion for summary judgment with respect to the plaintiff's claims only if the court determines that the defendants are entitled to judgment as a matter of law on each claim. *Interstate Power Co. v. Kansas City Power & Light Co.*, 992 F.2d 804, 807 (8th Cir. 1993). The court reviewed the law that is applicable to the plaintiff's claims, the facts that the plaintiff asserts in his complaint, and the defendants' statement of material facts which are deemed admitted by the plaintiff. Based on such review, the court finds that the defendants are entitled to judgment as a matter of law with respect to the plaintiff's claims under 42 U.S.C. § 1983. The record, even when viewed in the light most favorable to the plaintiff, fails to establish a genuine issue of material fact with regard to whether the defendants violated the plaintiff's rights under the Eighth Amendment, whether the plaintiff is entitled to damages under 42 U.S.C. § 1997e(e), and whether the defendants are entitled to qualified immunity. Based on the foregoing, the undisputed material facts in the instant case show that the defendants are entitled to judgment as a matter of law.

**IT IS THEREFORE ORDERED:**

1. The defendants' motion for summary judgment (docket no. 32) is **GRANTED**.

---

[1] Federal Rule of Civil Procedure 56(e) provides, ". . . When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party."

2

2. The plaintiff's claim against the defendant is **DISMISSED** with prejudice.
3. The Clerk of Court is **DIRECTED** to enter judgment in favor of the defendants.

**DATED** this 24th day of September, 2007.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA